IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATHRYN A. WARING                                       PLAINTIFF

v.                      CIVIL NO. 04-5184

JO ANNE B. BARNHART, Commissioner
Social Security Administration                              DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Kathryn A. Waring brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

## **Procedural Background:**

The applications for DIB and SSI presently before this court were filed on November 16, 2001, alleging an inability to work since October 31, 2001, due to chronic back pain, fibromyalgia, mitral valve prolapse, angina, anxiety, depression, asthma, borderline intellectual functioning and sciatic nerve problems. (Tr. 96-98, 616-618). An administrative hearing was held on September 11, 2002. (Tr. 626-660). On January 30, 2003, the ALJ issued an unfavorable decision. (Tr. 47-53).

The Appeals Council vacated the ALJ's January 30, 2003, decision on April 25, 2003, and remanded the case back the an ALJ for further review. (Tr. 84-87). A supplemental hearing was held on January 29, 2004. (Tr. 661-696).

By written decision dated April 27, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 38). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 38). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform the exertional requirements of a wide range of light work. (Tr. 378). From a mental standpoint, the ALJ found plaintiff had limited but satisfactory ability to follow work rules, interact with supervisors, and maintain her personal appearance. The ALJ found plaintiff was seriously limited but not precluded, in her ability to relate to co-workers, deal with the public, use judgment, deal with work stresses, function independently, maintain attention and concentration, understand remember and carry out simple, as well as, detailed instructions, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. The ALJ found plaintiff would be unable to understand, remember and carry out complex instructions. With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a cleaner/housekeeper, cashier and hand packager. (Tr. 39).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied. (Tr. 7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial

AO72A
(Rev. 8/82)

review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 7,8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

In determining whether the ALJ properly disregarded plaintiff's subjective complaints of pain, the court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), in evaluating her pain and credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;

AO72A
(Rev. 8/82)

>    3. precipitating and aggravating factors;
>    4. dosage, effectiveness and side effects of medication;
>    5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski*, 739 F.2d at 1322 (emphasis in original).

However, in addition to the requirement that the ALJ consider the plaintiff's allegations of pain, he also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). The ALJ may discredit subjective complaints of pain inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir. 1993).

When determining plaintiff maintained the RFC to perform light work, the ALJ failed to develop the evidence as to plaintiff's medications side effects. *Bowman v. Barnhart*, 310 F.3d 1080, 1085 (8th Cir. 2002). A review of the medical records show plaintiff has been diagnosed with chronic intractable pain syndrome. Plaintiff has sought frequent treatment and has been prescribed numerous medications which have caused varying side effects including nausea, vomiting, drowsiness.[1] (Tr. 333, 335, 353, 356, 372-373, 375, 389, 497, 502). Plaintiff also reported experiencing side effects to her medication in the forms she completed for the SSA. (Tr. 111, 125). In October of 2003, plaintiff reported to Dr. Alice M. Martinson that she was

---

[1] Treatment notes completed by a treating doctor prior to her alleged onset date noted that he had a difficult time treating her symptoms due to plaintiff's inability to take many prescription medications. (Tr. 373).

5

taking Cardizem, Etradiol, Ativan, Darvocet,[2] Oxycontin,[3] Flexeril,[4] Phenergan, Miacalcin, Calcium and three inhalers and in November of 2003, Dr. R. David Cannon opined that opioid therapy was appropriate. (Tr. 577, 583). We further note Oxycontin is an opioid with an abuse liability similar to morphine. *Physicians' Desk Reference*, 60th Ed., p.2701 (2006).

Therefore, because the ALJ improperly discredited plaintiff's subjective complaints considering the impact of the side effects caused by her medications, we find that his conclusion that plaintiff is not disabled is not supported by substantial evidence in the record as a whole. Accordingly, we believe remand is necessary in order to allow the ALJ to further develop the record regarding plaintiff's medication side effects. On remand the ALJ should re-evaluate plaintiff's subjective allegations in accordance with *Polaski*, 739 F.2d at 1322, specifically discussing each *Polaski* factor in the context of plaintiff's particular case.

While on remand, we strongly suggest that ALJ address interrogatories to plaintiff's treating physicians, including Dr. Jennifer Bingham, asking them to review plaintiff's medical records, complete an RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during

---

[2] Darvocet N-100 is indicated for the relief of mild to moderate pain, either when pain is present alone or when it is accompanied by fever. *Physicians' Desk Reference*, 56th Ed., p.1907-1909 (2002).

[3] Oxycontin is prescribed for "the management of moderate to severe pain when a continuous, around the clock analgesic is needed for an extended period of time." *Physicians' Desk Reference*, 60th Ed., p.2701 (2006).

[4] Flexeril is indicated as an adjunct to rest and physical therapy for relief of muscle spasm associated with acute, painful musculoskeletal conditions. *Physicians' Desk Reference*, 57th Ed., p. 1897 (2003).

the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

With regard to plaintiff's mental capabilities, on remand, we recommend the ALJ address plaintiff's diagnosis of borderline intellectual functioning and how this diagnosis effects her ability to perform substantial gainful activity.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of December 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)